**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4309**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH LEROY POMRANKY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-04-44)

---

Submitted: January 6, 2006          Decided: February 1, 2006

---

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Sue Genrich Berry, BOWEN, BERRY AND POWERS, PLLC, Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Leroy Pomranky appeals from his conviction for possessing a firearm in furtherance of a drug trafficking crime.[*] On appeal, he asserts that the district court improperly permitted Officer Wilkins to testify regarding the use of firearms by drug dealers. We affirm.

A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998). Pomranky's discontent with the substance of Wilkins' testimony ignores the plain language of Fed. R. Evid. 702, which allows for an expert to testify as to his specializied knowledge in a given area if the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony about common practices of drug dealers is routinely admitted in drug cases in order to help the trier of fact understand the mechanics of drug trafficking. United States v. Hopkins, 310 F.3d 145, 151 (4th Cir. 2002) (accepting expert testimony that small caliber weapon was an indicia of drug dealing); United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994) (holding district court properly admitted testimony regarding tools of the drug trade). Wilkins' testimony is comparable to testimony we have already upheld as proper expert

---

[*]Pomranky was also convicted of possession with intent to distribute cocaine base, but he does not contest this conviction.

testimony with regard to drug trafficking. In addition, the testimony was relevant to show that the drugs and firearm were likely connected and that Pomranky was involved with drug distribution. See United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (holding that firearms are well-recognized "tools of the trade" in the illegal drug business).

In addition, the probative value of the testimony was not outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. The testimony was presented in a neutral, non-inflammatory manner. In the portion objected to, Wilkins did not mention Pomranky and did not offer an opinion as to whether Pomranky's gun possession was drug-related. In addition, even if the testimony was more prejudicial than probative, any error was harmless, because the challenged evidence amounted to the general principle that drug dealers often carry guns. Pomranky had ample opportunity to prove that this general principle did not apply to him, and his defense focused, not on discrediting this testimony, but on the fact that the drugs were not his and the firearm was possessed for target practice. If the jury had accepted Pomranky's version of events, the fact that Wilkins had observed that drug dealers often use firearms would not have swayed their verdict. Thus, admission of Wilkins' testimony, designed to aid the jury's understanding of the drug business, was not erroneous.

Accordingly, we affirm Pomranky's conviction.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED